DENSON *et al. v.* DENSON.

(In Banc. January 12, 1948.)

[33 So. (2d) 311. No. 36595.]

**Donald Franks**, of Booneville, for appellants.

**Cunningham & Cunningham**, of Booneville, for appellee.

148

Argued orally by **J. A. Cunningham**, for appellee.

**L. A. Smith, Sr., J.,** delivered the opinion of the court.

Appellee filed suit in the Chancery Court of Prentiss County praying for the establishment of the alleged lost will of his father, in which he was a substantial beneficiary, and that it be decree to be his father's true last will and testament, and admitted to probate as such. Necessary parties, the widow and other children of the decedent, were brought into court by proper process, and some of them contested the relief sought. The chancery court heard the cause on conflicting evidence and granted the decree for which appellee prayed.

It was agreed that a copy of the purported will filed as an exhibit to the original bill was, in fact, a true and correct copy thereof; that it was properly signed and published; and it is not challenged on the ground of undue influence or lack of testamentary capacity. The issues are, was this purported will made pursuant to a contract between appellee and his father, and was it subsequently revoked by George M. Denson, the deceased father of the parties?

Appellants assign as error here that the ''court below erred in establishing the will as the last will and testament of George M. Denson, deceased, and ordering the same admitted for probate.'' Appellee sought to sustain the will on the ground that it was executed in his favor pursuant to an oral contract between him and his father, and had not been, indeed, could not be, revoked, since

he had fully performed his part of the agreement, and the execution of the will performed his father's part of it.

George M. Denson had been married five times, and at the time of his death was survived by his fifth wife, one of the defendants below, and nine children,—five by his first wife and four by his third wife. He had no children by his other wives. Appellee was a child of the first wife, and the other children-defendants are, of course, some full brothers and sisters and some of the half blood. George M. Denson, the father, died on September 15, 1946, as the result of an automobile accident; his will was executed on September 3, 1941, and he married his surviving widow, Mrs. Annette Easterling Denson, on September 17, 1941. In the spring of 1946, the testator called at the bank, where he had deposited the paper writing involved for safe-keeping, and upon his request, the document was delivered to him. It had not been seen since, although careful search and inquiry have been made in efforts to locate it.

Sometime in the early nineteen twenties, George M. Denson, the testator, was heavily involved, if not insolvent, and was growing old, and apparently discouraged, and offered to devise and bequeath his property, consisting of about 200 acres of farm land, and farm equipment, to any one of his sons, who could take hold of same and work him out of debt. One witness testified that the offer made was that the father would compensate in his will any such son who would so assist him. This offer was an oral one, and because of one reason or another, all of his sons found it necessary to decline the offer, except George B. Denson, the appellee. He accepted, and by most frugal living by himself and family, and the very hardest kind of toil on his father's farms, and for others occasionally, had brought his father completely out of debt in 1945, with $1500 in surplus cash.

As stated, supra, the evidence was conflicting, and appellants offered some evidence contrary to the above matters proven by the appellee. The final decree found as to

the facts: "It appears clearly from the proof and from all the circumstances revealed by the proof that he had a definite understanding with his son, George B. Denson, that George B. Denson would fall in and go to work on the place and would work, help and cooperate with his father in making money to liquidate and satisfy his father's debts, including the mortgages on these lands, that George B. Denson reared a family and devoted himself to this undertaking diligently and in good faith and that he also worked his family in the furtherance of this common purpose to get the debts of the late George M. Denson satisfied and get the property cleared of debt and that he fully complied with his part of the undertaking and in the latter part of 1945 this task was accomplished and once the late George M. Denson emerged from his indebtedness."

The will contains this significant language: "Now, having made disposition of my property in accordance with the dictates of my conscience prompted by an effort to, in some degree, repay my son, George B. Denson, and his family for the years of faithful service, care and attention rendered me, I hereunto execute this instrument and declare it my last will and testament and affix my signature to this instrument in my presence and in the presence of each other."

Appellants contend that there are two questions to be considered in disposing of this appeal. First, is the court willing to follow the case of Johnston v. Tomme, 199 Miss. 337, 24 So. (2d) 730? Second, if so, has appellee brought his case within the compass of that decision? Appellants think Johnston v. Tomme should be overruled. Decision there was largely predicated upon Anding v. Davis, 38 Miss. 574, 77 Am. Dec. 658, which was cited and followed in principle in Klein v. McNamara, 54 Miss. 90, and Tigner v. McGehee, 60 Miss. 185. In the Tomme case, supra [199 Miss. 337, 24 So. (2d) 734], we said: "We are of the opinion, therefore, that the complainant is entitled to support her allegations with proof,

and that the learned chancellor was correct in overruling the general and special demurrers. We do not lay down a general rule allowing the establishment of a trust by oral agreement, nor do we design a model for all cases. We do say that where a testator executes a will in compliance with an oral agreement with the devisee that the latter will render unique and necessary personal services to him involving a substantial change in the status and manner of living of the promisee, and such services have been performed, so that a revocation of the will amounts to fraud upon the latter, rendering it impossible or impracticable to restore him to the situation in which he was prior to the contract, equity will hold such will to be irrevocable and the rights thereunder may be established."

We are of the opinion that the facts proven by appellee in the case at bar are ample to sustain the averments of the appellee's original bill and the decree of the chancery court, that George M. Denson made the oral offer of devise to any son who would work him and his property out of debt, which was later substantially corroborated by his written will, and that appellee George B. Denson, accepted the offer, undertook to and did accomplish its purpose through long years of weary and arduous and devoted labor.

We think the case of Johnston v. Tomme, supra, is sound and equitable, and that it controls the case at bar, and it is reaffirmed. Since the evidence in the case brings it "within the compass of that decision," and since the chancellor correctly granted the prayer of the original bill, the decree of the chancery court is affirmed.

Affirmed.